Watson, et al. *v.* Department of Public Welfare.

Argued June 5, 1972, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*Louis A. Burdman,* with him *Tom M. Lytton* and *Pamela Isackes,* for appellant.

*Barry A. Roth,* Assistant Attorney General, with him *Marx S. Leopold,* Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, July 10, 1972:

This is an appeal from an adjudication and order of the Department of Public Welfare (DPW) upholding the action of the Allegheny County Board of Assistance (Board) in reducing AFDC payments to the appellant's granddaughter.

The appellant resides in a public housing project with her husband, her son and her granddaughter, Tania. Tania is the only member of the household receiving public assistance, and she had previously been receiving $136.00 per month in assistance based on the premise that she was a roomer or boarder in her grandmother's home. The Board has decided, however, that an unemancipated minor child living with her parents

or other specified relatives (including grandparents) may not be considered a roomer or boarder. Tania's shelter benefits were reduced, therefore, so as to be compatible with the provisions of Pennsylvania Assistance (PA) Manual 3211.31.[1] The shelter allowance for a family of four on assistance was $93.00 per month, and Tania's shelter grant was determined to be one-fourth of that, or $23.25 per month. She also received a flat grant of $65.00 per month for food, clothing and incidentals, for a total monthly assistance allowance of $88.25.

The appellant requested a reconsideration of this reduction and a reinstatement of the $136.00 per month grant. After a hearing, her request was denied by both the Board and the DPW, and the reduction of the assistance grant was affirmed.

In her appeal to this Court, the appellant argues that the computation of Tania's grant conflicts with provisions of the Social Security Act, 42 U.S.C. §601 *et seq.*, and is, therefore, invalid. It is also contended that recipients living in public housing are treated differently from recipients living in private housing and that this amounts to a violation of equal protection. Although we sympathize with the appellant's plight, we believe that this case is controlled by our recent decision in *Cuffee v. Department of Public Welfare,* 5 Pa. Commonwealth Ct. 503, 291 A. 2d 549 (1972), and we must affirm.

The appellant contends that the application of PA Manual 3211.31 in this case serves to impute to Tania the income of the appellant, although she is not legally

---

[1] "When the allowance is based on the project's average cost and non-assistance persons are living with assistance recipients, the allowance is the assistance unit's proportionate share of what the allowance would be if all the persons living together were included in the assistance unit."

obligated to contribute funds for Tania's support. Such a presumption of income would be invalid, *King v. Smith*, 392 U.S. 309, 88 S. Ct. 2128, 20 L. Ed. 2d 1118 (1968), *Jenkins v. Georges*, 312 F. Supp. 289 (W.D. Pa. 1969), but there was no such presumption in this case. The purpose of PA Manual 3211.31 is to apportion a shelter allowance among assistance recipients and nonrecipients. "The income and resources of such other individuals are not taken into account, for the purpose of this method of calculating the allowance, of course, is to prevent DPW from paying rent for individuals who are not entitled to receive assistance." *Cuffee, supra*, 5 Pa. Commonwealth Ct. at 508, 291 A. 2d at 552. It is not presumed that the recipient is receiving any additional income. The fact that Tania suffers from an allergy and requires extra care is not sufficient to require DPW to pay her more than a proportionate shelter allowance.

In *King v. Smith, supra,* and *Jenkins v. Georges, supra,* cited by the appellant, the courts invalidated regulations which presumed that minor assistance recipients were receiving financial assistance from adults with whom they were living, although such adults were not by law obligated to give such support. The regulation at issue in this case, of course, applies to any recipient whether he is a minor or not. It does not look to the income of nonrecipients residing with a recipient but only to their number. It is an attempt to fund only the recipient's proportionate share of the shelter needs of all.

The appellant also contends that it is improper to apply PA Manual 3211.31 to recipients living in public housing while recipients living in private housing are covered by a different regulation.[2] This issue was

---

[2] PA Manual 3211.3: "If assistance and non-assistance persons live together, the allowance is the actual amount the assistance

likewise considered and decided by us in *Cuffee, supra,* wherein we stated:

"The constitutional standards in this area have been stated in Groff v. Wohlgemuth, 328 F. Supp. 1016 (E.D. Pa. 1971):

" 'To meet the test of equal protection of the laws, the state-imposed classification or regulation must rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and the distinction drawn must be rationally related to furthering the purposes of the act in respect to which the classification is established. Carrington v. Rash, 380 U.S. 89, 85 S. Ct. 775, 13 L. Ed. 2d 675 (1965) ; F. S. Royster Guano Co. v. Virginia, 253 U.S. 412, 40 S. Ct. 560, 64 L. Ed. 989 (1920).' 328 F. Supp. at 1020.

"The differences between public and private housing seem sufficiently clear so that DPW could rationally draw a distinction between them for the purpose of calculating shelter assistance. Public housing is itself a form of assistance, while private housing is established for the purpose of making a profit for its owners. Rental rates are based on differing standards for each class of housing. The appellant has failed to show that these apparent distinctions are ill-founded or irrational, and we do not believe that the regulation applied is unconstitutional." 5 Pa. Commonwealth Ct. at 508-9, 291 A. 2d at 552.

### ORDER

Now, July 10, 1972, the adjudication and order of the Department of Public Welfare are affirmed.

---

unit is expected to pay, not to exceed the maximum for the number of persons in the assistance unit."