## Simco Sales Service of Pennsylvania v. Lower Merion Township Commissioners

*J. Peirce Anderson,* for plaintiff.
*Parker H. Wilson,* for defendant.

TREDINNICK, *J.,* June 30, 1977—Plaintiff, a Pennsylvania corporation engaged in the street sale of ice cream, seeks injunctive relief from the prohibitions of an ordinance adopted by defendant township. The ordinance prohibits the selling of merchandise, including food, from motor vehicles parked or stopped in the right-of-way of any township street. A preliminary injunction prohibiting enforcement of the ordinance was granted on June 17, 1976, by the late President Judge Scirica. After hearing and submission of briefs, the matter is ready for adjudication. . . .

## DISCUSSION

Plaintiff's primary contention is that ordinance 1769 is unconstitutional, violating both the United States and Pennsylvania Constitutions in that it: (1) violates equal protection clauses; (2) constitutes an illegal and unconstitutional class legislation; (3) is unlawfully discriminatory in enactment

and enforcement, and (4) is too vague and therefore unenforceable.[1]

The rationale in support of plaintiff's first three constitutional objections is that ordinance 1769 applies only to motor vehicles and not to other types of vehicles which might be used in this type of business, and there is no rational reason for this distinction or discrimination.

It is axiomatic that classification in and of itself is not necessarily unconstitutional. Where it rests on a difference which bears a reasonable and just relation to the act for which the classification is proposed it does not fall within constitutional prohibitions: Cuffee v. Dept. of Public Welfare, 5 Pa. Commonwealth Ct. 503, 291 A.2d 549 (1972). If the classification is founded on real rather than merely artificial distinctions, a court of this Commonwealth is not at liberty to void it: Singer v. Sheppard, 464 Pa. 387, 346 A.2d 897 (1975). And it has long been the law in Pennsylvania that government may discriminate in the use of its police power so long as the discrimination is not arbitrary nor without rational basis: Empire Box Corp. v. Chesnut, 352 Pa. 418, 43 A.2d 88 (1945). Thus we must determine the purposes to be served by ordinance 1769, and whether or not any discrimination involved in the regulation is reasonably related to those purposes.

The asserted purpose of ordinance 1769 is to protect the safety of the community—unquestionably a legitimate public purpose and well within the

---

1. In its complaint, plaintiff asserted several procedural challenges to the validity of the enactment of the ordinance. No evidence was presented in support thereof, and the issues were not briefed. We consider these positions abandoned.

police power of a municipality.[2] The evidence elicited in this case unequivocally illustrates that the regulation in question is rationally related, and in fact essential, to the achievement of this purpose The fundamental difference between the sale of merchandise from a motor vehicle as opposed to some other kind of vehicle [3] is, of course, the vehicle itself. Trucks are larger and faster than other kinds of vehicles used in the trade. According to plaintiff 's own evidence, it and its competitors are often troubled by children jumping on to their vehicles while they are in motion. It is usually impossible for the driver to detect this as he cannot see directly behind the truck, and therefore an extremely dangerous situation is created. The inability of the driver to see directly behind makes the truck difficult to back up, and creates the danger that a child standing behind the vehicle could be inadvertently struck down. By virtue of its size and shape, an ice cream truck creates an obstruction, even when parked, around which a motorist might have difficulty seeing, and therefore might fail to notice a child darting into the street. These dangers either do not exist or are significantly less in the case of non-motorized vehicles engaged in the street sale of ice cream. Therefore, the discrimination is necessary in order to fulfill the valid public purpose for which ordinance 1769 was enacted.

Plaintiff further complains that ordinance 1769

---

2. The state in the exercise of its police power may enact regulations to promote the public health, morals or safety and the general well being of the community: Com. v. Harmar Coal Co., 452 Pa. 77, 306 A.2d 308 (1973), appeal dismissed 415 U.S. 903 (1973).

3. Plaintiff points out that businesses of this type often operate by means of push carts or bicycles.

does not affect newspaper or milk delivery trucks, and therefore is discriminatory. However, neither type of vehicle engages in street sales, and neither would encourage pedestrians to approach them, thereby creating a safety hazard. These vehicles merely make deliveries, and placing the restrictions of this ordinance upon them would bear no rational relationship to the purpose of the regulation. Certainly if such vehicles did begin engaging in street sales they would fall within the ambit of the ordinance.

It must also be noted that the function of the court in examining the validity of a legislative classification is a limited one. The legislature is to be given wide discretion in classifying, and any judicial inquiry into legislative classifications should not concern itself with the wisdom of legislative choices so long as the choices are reasonably related to legitimate legislative objectives: Goodman v. Kennedy, 459 Pa. 313, 325, 329 A.2d 224 (1974).

Plaintiff's assertion that the ordinance is void for vagueness may be quickly disposed of. The vagueness doctrine applies a two prong test to challenged legislation: (1) does the ordinance give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the ordinance?, and (2) does the ordinance encourage arbitrary and erratic arrest and convictions?: Papachristou v. City of Jacksonville, 405 U.S. 156 (1972).

This ordinance is not vague under either test. It's language is clearly sufficient to give anyone fair notice of the type of conduct that is forbidden. The ordinance proscribes "the sale of merchandise, including food, from motor vehicles parked or

stopped within the right-of-way of any township street." (Section 3.) Sale of merchandise is quite adequately defined. (Section 1A.) It is difficult to conceive how the ordinance could have been more clearly drawn.

Nor is it conceivable that the ordinance could encourage arbitrary and erratic arrests and convictions. The ordinance bears no resemblance to the vagrancy ordinance condemned in Papachristou. In that case the ordinance left much to the discretion of the police. Ordinance 1769 is clear and simple, and should not lead to police or prosecutorial abuse of the kind condemned in Papachristou.

Plaintiff next argues that the township has been pre-empted from enacting this type of ordinance by certain provisions of the Penal Code. It is, of course, true that a municipality may not regulate or control an activity which is already regulated by the state. However, we do not find that to have occurred here. Plaintiff cites sections 5503 and 5507 of the Crimes Code of December 6, 1972, P. L. 1482, 18 C.P.S.A. §§ 5503, 5507. Section 5503 proscribes disorderly conduct and 5507 obstructing highways. Being criminal statutes, both regulate *intentional* conduct of such nature.[4] Clearly, this ordinance deals with, inter alia, unintentional results of the same general nature.

The Vehicle Code is of no greater aid to plaintiff in this connection.

Section 1032 of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 C.P.S.A. §1032, pro-

---

4. §5503. One is guilty if "with the intent to cause public inconvenience . . . he . . . (4) creates a hazardous . . . condition." §5507. "A person who, having no legal privilege to do so, intentionally or recklessly obstructs any highway . . ."

hibits soliciting sales of goods, merchandise, etc. while standing on the highways. Obviously, this deals with pedestrians — not vehicles. Section 1021 of The Vehicle Code prohibits parking in certain specified places upon highways. Ordinance 1769 is not a parking ordinance but a regulation upon the sale of merchandise.

Plaintiff 's final argument is that the prohibition of street sales from motor vehicles exceeds the powers and authority of a first class township. More particularly, plaintiff urges that while a township may regulate such activity, it may not prohibit it. We do not agree.[5]

It has long been the law in Pennsylvania that, subject to the paramount authority of the Commonwealth, the regulation and control of the streets belong to local government: Hindin v. Samuel, 158 Pa. Superior Ct. 539, 45 A.2d 370 (1946). The Superior Court in Hindin held that "[t]he sale of food upon the public highways or streets by private individuals for their own purposes and profit is not a public use or a public function of those streets or highways. . ." Id. at 542. Therefore, the ordinance to which plaintiff objects takes away no rights to which it would have been otherwise entitled.

Townships possess only powers granted to them by the legislature in express terms or arising by necessary and fair implication or incident to powers expressly granted: Commonwealth v. Ashen-

---

5. There may be a semantical problem here. The ordinance does indeed prohibit street sales; however, it does not otherwise prohibit plaintiff 's business. That is, plaintiff may still sell its products from trucks parked off the street at playgrounds, parks and similar areas.

felder, 413 Pa. 517, 198 A.2d 514 (1964). The corporate powers granted first class townships are set forth in article XV of The First Class Township Code of June 24, 1931, P. L. 1206, as amended, 53 C.P.S.A. §56501 et seq. Plaintiff contends that nowhere within these powers are the Commissioners given the power to prohibit. However, section 1502, Cl. XXVI, 53 C.P.S.A. § 56526, gives a township power to "prohibit and remove any obstruction or nuisance in the streets and highways of the township." Similarly, Cl. X, 53 C.P.S.A. §56510, confers upon the township power to "take all needful means for securing the safety of persons or property within the township." And Cl. XLIV, 53 C.P.S.A. § 56544, provides that the township shall have the power to "make such regulations as may be deemed necessary for the health, safety, morals, general welfare, cleanliness, . . . of the township and the inhabitants thereof."

There appear to be no Pennsylvania cases on this point. We have examined cases cited by counsel from other jurisdictions reaching opposite results on the question. None of these cases were persuasive, as they were distinguishable, both on their facts and on the statutes involved. We conclude that the plain meaning of the statutes recited above authorizes the kind of prohibition provided for in this ordinance.

## CONCLUSIONS OF LAW

1. Equity has jurisdiction of the parties and the subject matter.

2. Plaintiff has failed to establish that ordinance 1769 was improperly adopted, that it violates the equal protection provisions of the Penn-

sylvania and United States Constitution or that its adoption was beyond the powers of the commissioners of a first class township.

3. The complaint must be dismissed.

### DECREE NISI

And now, June 30, 1977, the preliminary injunction issued on June 17, 1976, by President Judge A. Benjamin Scirica is vacated and the complaint is dismissed.

Unless exceptions are filed within 20 days of notice hereof, this decree shall be entered as of course by the prothonotary as the final decree of the court.