Meyer Spiro and Gertrude Spiro, trading as Spiro Realty, Appellants *v.* The City of Pittsburgh et al., Appellees.

Tuminello-Hosack Agency, Inc., Appellant *v.* The City of Pittsburgh, a Municipal Corporation, Appellee.

Argued May 7, 1981, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Samuel P. Kamin,* for appellants, Meyer Spiro and Gertrude Spiro.

*Vincent J. Grogan, Grogan, Graffam, McGinley, Solomon & Lucchino, for* appellants, Meyer Spiro and Gertrude Spiro, and Amicus Curiae, the Greater Pittsburgh Board of Realtors.

*Ernest V. Vesely,* for appellant, Tuminello-Hosack Agency, Inc.

*Grace S. Harris,* Assistant City Solicitor, with her *Mead J. Mulvihill, Jr.,* City Solicitor, for appellees.

OPINION BY JUDGE ROGERS, June 17, 1981:

Two real estate agencies doing business in the City of Pittsburgh, Spiro Realty Company and Tuminello-Hosack Agency, Inc., have appealed from an order of the Court of Common Pleas of Allegheny County dismissing their appeals from assessments of additional City Business Privilege Tax for the years 1974 through 1978.[1]

The tax is levied at the rate of six mills on gross receipts. The appellants excluded from gross receipts that part of commissions paid to them on office transactions which they in turn paid to sales people associated with their agencies. They contend that these exclusions are authorized by Section 2(f)(3) of the City's tax ordinance which provides: " 'gross receipts' shall exclude: . . . (3) in the case of a broker, a commission paid by him to another broker on account of a purchase or sale contract initiated, executed or cleared in conjunction with such other broker" and by Section 303(e) of the accompanying regulations which provides:

> A broker may exclude any commission paid by him to another broker, on account of a contract of purchase or sale initiated, executed or cleared in conjunction with the other broker, except where either is an employee of the other. Likewise an agent may exclude any commissions paid by him to another agent on account of purchase or sale initiated or cleared in conjunction with the other agent, except where either is an employee of the other.

---

[1] We were informed at oral argument that amendments to the ordinance or regulations have obviated the problem of this case. We do not know what change was made. It is arguable that the ordinance and regulation were meant to apply only to securities brokers but that contention was not advanced here or in *Toben.*

In the *City of Philadelphia Tax Review Board v. Toben*, 32 Pa. Commonwealth Ct. 523, 379 A.2d 1361 (1977) where the taxpayer broker sought to exclude commissions paid to real estate salesmen working out of his office, we held that a regulation of the City of Philadelphia identical to that here[2] allowed for the exclusion from the tax base only of commissions paid by a broker to another broker or by an agent (salesman) to another agent (salesman) and that "commissions paid by Taxpayer (a broker) to his salesmen (agents) do not fall within the regulation and must be included within Taxpayer's gross receipts." *Id.* at 532, 379 A.2d 1366.

Appellants' attempt to circumvent *Toben* on the ground (1) that everyone who sells real estate for another is a broker by the common law definition and (2) that an unspecified number of sales persons in the two agencies were themselves licensed real estate brokers. However, under the regulation the appellants could exclude commissions paid to their house brokers only if it could be said that they and their house brokers effected transactions in conjunction with each other. It is conceded that all of the appellants' selling personnel whether licensed as brokers or salesmen were common law agents of the appellants, effecting transactions in the appellants' name and on their behalf. So far as the record reveals, none of the commissions at issue were paid by the appellants to another real estate broker "on account of a purchase or sale initiated or cleared in conjunction with [that] other broker." Meyer Spiro, president and head of appellant Spiro Realty, testified:

----

[2] At oral argument, counsel for the appellants informed us that there was no Pittsburgh regulation interpreting Section 2(f); but regulation Section 303(e) appears in the record and, as noted, is identical with the Philadelphia regulation construed in *Toben.*

74

Q.  . . . .
Now, do you at anytime accompany the sales people from the Pittsburgh office to go out and make these sales yourself, or do they do this pretty much on their own?

A.  I don't do that, I wouldn't have the time to do that, no, sir. They do this on their own.

. . . .

Q.  . . . [H]ow do you understand you as a broker to operate differently from an agent?

A.  Well, I, myself, I don't—I can't recall when the last time was I ever actually sold a piece of property.

A clearer expression of the fact that Mr. Spiro did not join in effecting transactions with the brokers or salesmen operating under his aegis can scarcely be imagined.

Order affirmed.

ORDER

AND Now, this 17th day of June, 1981, the Order of the Court of Common Pleas of Allegheny County is affirmed.