601 A.2d 486

**Dennis Charles McKEOWN, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 18, 1991.

Decided Dec. 31, 1991.

John J. O'Brien, for appellant.

David R. White, Asst. Counsel, for appellee.

Before PALLADINO and BYER, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Dennis Charles McKeown (McKeown) appeals from an order of the Court of Common Pleas of Montgomery County which dismissed his appeal from a five-year revocation of his operating privilege by the Department of Transportation (Department) pursuant to Section 1542 of the Vehicle Code (Code), 75 Pa.C.S. § 1542.[1]

On May 27, 1988, McKeown was arrested for driving under the influence of alcohol, 75 Pa.C.S. § 3731, and for driving while operating privilege is suspended, 75 Pa.C.S. § 1543. McKeown pleaded guilty and was convicted of both charges on July 13, 1989. By official notice dated and mailed September 1, 1989, the Department notified McKeown that his operating privilege was scheduled to be revoked for five-years pursuant to 75 Pa.C.S. § 1542. On

---

1. Section 1542 of the Code governs the revocation of a habitual offender's license.

October 17, 1989, McKeown appealed the revocation to the Court of Common Pleas of Montgomery County.

At a *de novo* hearing before the trial court on January 29, 1990, the Department presented an oral motion to quash McKeown's appeal as untimely alleging that it was filed more than the statutory 30 days permitted to take the appeal.[2] By order dated June 8, 1990, the trial court denied the Department's motion to quash and a hearing on the merits was conducted. At the conclusion of the hearing, the trial court entered a second order dated June 8, 1990 whereby it denied McKeown's appeal and reinstated the revocation imposed by the Department. It is from the second order that McKeown now appeals.

■ McKeown only raises one issue on appeal alleging that his conduct did not justify his being treated as a habitual offender. McKeown contends that his convictions of driving a vehicle while under the influence of alcohol and driving while under suspension did not arise from separate acts as required by Section 1542 of the Code. However, we need not address the merits of McKeown's appeal. In its counterstatement of the questions involved, the Department raises the issue whether McKeown should have been allowed to appeal *nunc pro tunc*[3] asserting that the trial court lacked subject matter jurisdiction to hear the appeal. We agree.[4]

2. A licensee must appeal from a suspension or a revocation within 30 days of the date of the mailing of the notice as required by 42 Pa.C.S. § 5571(b). *See Korell v. Department of Transportation, Bureau of Driver Licensing*, 122 Pa.Commonwealth Ct. 96, 551 A.2d 398 (1988), *appeal denied*, 525 Pa. 606, 575 A.2d 571 (1990).

3. *Nunc pro tunc* is defined by Black's Law Dictionary 964 (5th ed. 1979) as "[n]ow for then ... A phrase applied to acts allowed to be done after the time they should be done ... with the same effect as if it were done when it should have been done." *See Commonwealth v. Jefferson*, 430 Pa. 532, 243 A.2d 412 (1968).

4. Our review of the record reveals that the trial court correctly determined that McKeown, having pled guilty to two separate and distinct charges, exceeded the requisite number of convictions warranting the imposition of the revocation of his license pursuant to 75 Pa.C.S. § 1542. *See Ross v. Department of Transportation, Bureau of*

■ We begin by noting that questions of subject matter jurisdiction may be raised at any time, even on appeal, by the parties or by the court *sua sponte*. *Department of Transportation, Bureau of Driver Licensing v. Kruc*, 125 Pa.Commonwealth Ct. 201, 557 A.2d 443 (1989). Our Supreme Court in *Reading Anthracite Co. v. Rich*, 525 Pa. 118, 577 A.2d 881 (1990) held that tardy filings go to the jurisdiction of the tribunal to entertain a cause. Accordingly, if McKeown was tardy in filing his appeal the trial court would have lacked subject matter jurisdiction.

■ The trial court apparently allowed McKeown to appeal *nunc pro tunc* since it found that he had filed an untimely appeal. Our scope of review of a trial court's decision permitting or refusing to permit a *nunc pro tunc* appeal is limited to determining whether the trial court abused its discretion or committed an error of law. *Korell v. Department of Transportation, Bureau of Driver Licensing*, 122 Pa.Commonwealth Ct. 96, 551 A.2d 398 (1988), *appeal denied*, 525 Pa. 606, 575 A.2d 571 (1990). In order for an appeal *nunc pro tunc* to be permitted, there must be fraud or a breakdown in the court's operations. *Department of Transportation, Bureau of Traffic Safety v. Rick*, 75 Pa.Commonwealth Ct. 514, 462 A.2d 902 (1983).

■ The Department mailed McKeown's notice of revocation on September 1, 1989. McKeown's appeal was not filed until October 17, 1989. The last day of the 30–day appeal period fell on Monday, October 2, 1989. *See* 1 Pa.C.S. § 1908 (computation of time). Clearly, McKeown's appeal was not filed within the statutory appeal period. However, the trial court denied the Department's motion to quash and entertained McKeown's appeal.

McKeown testified that he had been incarcerated for 92 days in the Chester County Prison starting July 13, 1989 and was released on October 15, 1989. McKeown further testified that prior to being incarcerated he had been attend-

*Driver Licensing*, 125 Pa.Commonwealth Ct. 256, 557 A.2d 62, *appeal denied*, 524 Pa. 623, 571 A.2d 385 (1989).

ing West Chester University and lived at 106 Walnut Street, West Chester. McKeown also testified that upon his release from prison, he returned to 13 Jennifer Lane, Gilbertsville, the home of his parents. McKeown further testified that upon returning to Gilbertsville he found quite a bit of mail awaiting him including the notice of revocation sent by the Department.

On cross-examination McKeown testified that 13 Jennifer Lane, Gilbertsville was his permanent residence. McKeown further testified that even while incarcerated he retained his permanent residence in Gilbertsville. McKeown also testified that he never moved his official residence from 13 Jennifer Lane.

Section 1540 of the Code governs the procedure involving the surrender of a driver's license. Section 1540(b) of the Code provides as follows:

> (b) *Suspension, revocation or disqualification of operating privilege.*—Upon the suspension or revocation of the operating privilege or the disqualification of the commercial operating privilege of any person by the department, *the department shall forthwith notify the person in writing at the address of record* to surrender his driver's license to the department for the term of suspension, revocation or disqualification.... (emphasis added.) 75 Pa.C.S. § 1540(b).

Under Section 1540(b), all the Department was required to do was to notify McKeown in writing at his address[5] of record. McKeown does not dispute the facts that the notice of revocation was sent to 13 Jennifer Lane, Gilbertsville, and that was his address of record.[6]

McKeown's only argument was that he had been incarcerated and that the appeal period had expired before he

[5]. Black's Law Dictionary 36 (5th ed. 1979) defines "address" as a "[p]lace where mail or other communications will reach a person."

[6]. It is important to note that McKeown does not allege nor does the record establish that this was a situation where the Department sent the notice to the wrong address. 75 Pa.C.S. § 1515; *see Korell,* 122 Pa.Commonwealth Ct. 96, 551 A.2d 398, *appeal denied,* 525 Pa. 606, 575 A.2d 571.

received actual notice of his revocation. McKeown asserts that since he did not know about the notice, he could not have timely filed his appeal. The trial court apparently agreed.

As previously stated, in order for an appeal *nunc pro tunc* to be permitted, McKeown needed to establish the existence of fraud or a breakdown in the court's operations. *See Rick,* 75 Pa.Commonwealth Ct. 514, 462 A.2d 902 (1983). McKeown failed to establish either of the requirements which would have permitted the trial court to allow his *nunc pro tunc* appeal.

Section 1540(b) of the Code only requires that the Department notify the person in writing at the address of record. 75 Pa.C.S. § 1540(b). It is undisputed that 13 Jennifer Lane, Gilbertsville was McKeown's address of record and that the notice of his revocation was sent to that address. The fact that McKeown did not actually receive the notice until after the expiration of the appeal period does not establish a breakdown in the court's operations or the existence of fraud. The record is devoid of any evidence that McKeown made any arrangements to have his mail forwarded to him while he was incarcerated.

Accordingly, the trial court erred by finding that McKeown's appeal was timely and by denying the Department's motion to quash.

## ORDER

AND NOW, this 31st day of December, 1991, it is hereby ordered that the order of the trial court of June 8, 1990 is vacated; the matter is remanded to the trial court to vacate its order granting Dennis Charles McKeown's appeal *nunc pro tunc* and to enter an order denying Dennis Charles McKeown's application to appeal *nunc pro tunc.*

Jurisdiction relinquished.