Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* William J. Rick, Jr., Appellee.

Argued February 3, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Ronald V. Santora,* with him *Arthur L. Piccone,* for appellee.

OPINION BY JUDGE DOYLE, July 18, 1983:

Before this Court is an appeal by the Department of Transportation (Department) from a decision and order of the Court of Common Pleas of Luzerne County which allowed William J. Rick, Jr. (Appellee) to file an appeal nunc pro tunc from a suspension of his operator's license by the Department and which also sustained his appeal of the suspension.

On May 2, 1978, Appellee was convicted of driving under the influence of alcohol. The certification of this conviction was not forwarded to the Department, however, until July 9, 1979. The Department, in turn, failed to send Appellee a notice that his driver's license was being suspended until June 26, 1981. Under Section 5571(b) of the Judicial Code, 42 Pa. C. S. §5571(b), appeals of such suspensions must be filed in a court of common pleas within thirty days of the mailing of notice. *See also* Sections 933(a)(1)(2) and 5572

of the Judicial Code, 42 Pa. C. S. §§933(a)·(1)(2) and 5572. Appellee's counsel failed to file a timely appeal and it was not until August 21, 1981, that an appeal was filed (by new counsel). Accordingly, the Department moved to quash the appeal as untimely. The trial court denied the motion and permitted Appellee an appeal nunc pro tunc on the grounds that he had satisfactorily explained the delay in filing, that it involved extraordinary circumstances and that because of the first attorney's negligent failure to file, there was fraud by an officer of the court. The court went on to sustain Appellee's appeal, based in part on the holding that, as part of the same incident which led to this suspension, Appellee had his license suspended for six months effective August 22, 1978 for violating Section 1547 of the Motor Vehicle Code, 75 Pa. C. S. §1547, that is, refusing to take a breathalyzer test. The trial court believed that this was sufficient to give the Department notice of Appellee's transgression, even absent a certification of conviction, and that the subsequent three year delay in imposing the current suspension, because of an interim change in the nature of Appellee's job, had operated to his prejudice. The Department has appealed both the denial of its motion to quash and the sustaining of Appellee's appeal.

The decision whether to permit an appeal nunc pro tunc is an equitable matter and this Court's scope of review is limited to a determination of whether the trial court has abused its discretion or committed an error of law. *Sergi v. The School District of the City of Pittsburgh,* 28 Pa. Commonwealth Ct. 576, 368 A.2d 1359 (1977). An appeal nunc pro tunc should be permitted only where the party making the request has shown that the delay in filing the appeal was engendered by extraordinary circumstances involving *fraud or a breakdown in the court's operations through a default of its officers* which has resulted in injury to

the appealing party. *Delmont Borough Annexation Case,* 2 Pa. Commonwealth Ct. 496, 276 A.2d 549 (1971).

In the case at bar, whether Appellee was free from fault for the failure to file in a timely fashion is arguable, but the determination that he was, results from the trial court's assessment of his testimony and credibility and we are bound by its conclusion. The trial court has clearly erred as a matter of law, however, in its conclusion that, as an attorney is an "officer of the court," his negligent failure to file was wrongful and the equivalent of the fraud requisite to the allowance of a nunc pro tunc appeal. *See Rostosky v. Department of Environmental Resources,* 26 Pa. Commonwealth Ct. 478, 364 A.2d 761 (1976). The Pennsylvania Supreme Court, in discussing this issue in the case of *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979) concluded that it was unable to find an attorney to be a court officer for all purposes but that, in those cases where the failure to file in a timely fashion resulted from *non-negligent* conduct by the attorney,[1] it was proper to allow a nunc pro tunc appeal. This decision left intact the long standing rule that mere negligence by counsel which results in an untimely appeal is not grounds for the allowance of an appeal nunc pro tunc. *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938); *Rostosky.*

Accordingly, as the trial court's refusal to grant the Department's motion to quash Appellee's appeal in the instant matter as untimely filed was predicated on the neglect of counsel, we must reverse that decision. The allowance of the appeal nunc pro tunc was improper and the motion to quash is granted.[2]

---

[1] The non-negligent conduct in *Bass* was the week long illness of a secretary which disrupted the attorney's office administration.

[2] We therefore need not address the issue of whether Appellee's appeal of his license suspension was properly sustained.

518

### ORDER

Now, July 18, 1983, the decision and order of the Court of Common Pleas of Luzerne County in the above captioned matter, dated November 16, 1981, No. 3127-C of 1981, is hereby reversed.

President Judge CRUMLISH concurs in the result only.