551 A.2d 398

Aaron Lee Korell, Appellant v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellee.

Submitted on briefs September 20, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Eugene E. Dice,* for appellant.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE PALLADINO, December 14, 1988:

Aaron Lee Korell (Appellant) appeals from an order of the Schuylkill County Court of Common Pleas (trial court) denying Appellant permission to appeal nunc pro tunc ten driver's license suspensions and revocations.

Between October 3, 1984 and November 5, 1986, the Department of Transportation, Bureau of Driver Licensing (DOT), mailed Appellant ten suspension and revocation notices. Appellant failed to appeal from these suspensions and revocations within 30 days of the date of mailing as required by 42 Pa. C. S. §5571(b). On May 29, 1987, over six months after the mailing date of the last notice, Appellant filed a petition to appeal nunc pro tunc from the ten notices issued by DOT. The petition alleged that DOT improperly mailed the notices to Appellant's old address and that this constituted a breakdown in the administrative operations of DOT. After a hearing, the trial court concluded that there had not been a breakdown in the administrative operations of DOT but that Appellant had failed to notify DOT of his change in address as required by section 1515 of the Vehicle Code, 75 Pa. C. S. §1515.[1] The trial court denied permission to appeal nunc pro tunc, and Appellant appeals.[2]

In order for an appeal nunc pro tunc to be permitted there must be fraud or a breakdown in the court's operations. *Department of Transportation, Bureau of Traffic Safety v. Rick*, 75 Pa. Commonwealth Ct. 514,

---

[1] Section 1515 of the Vehicle Code, 75 Pa. C. S. §1515 provides in pertinent part:

Whenever any person after applying for or receiving a driver's license moves from the address named in the application or in the driver's license issued or when the name of a licensee is changed such person shall, within 15 days thereafter, notify the department in writing of the old and new addresses or of such former and new names and of the number of any license then held by the person.

[2] Our scope of review of a decision permitting or refusing to permit a nunc pro tunc appeal is limited to determining whether the trial court abused its discretion or committed an error of law. *Department of Transportation, Bureau of Traffic Safety v. Rick*, 75 Pa. Commonwealth Ct. 514, 462 A.2d 902 (1983).

462 A.2d 902 (1983). Appellant contends that DOT was aware of his correct address, but mailed the notices to an incorrect address, and that this constituted a breakdown in the administrative operations of DOT. Appellant contends that he satisfied the requirements of section 1515 by using his correct address when he applied for registration of his motor vehicle. Appellant's brief at 7, 8. Appellant also argues that DOT sent renewals of his motor vehicle registration to his new address, and that his new address appeared on citations which were issued to him. Appellant's brief at 8.

We have carefully reviewed the record and find nothing to support Appellant's contention that he notified DOT of his change in address. Appellant's own testimony supports the trial court's finding that Appellant failed to notify DOT of his change in address as required by the Vehicle Code. N.T. at 26. Also, there is nothing in the record to support Appellant's contention that motor vehicle registration renewals were mailed to Appellant's new address. Moreover, although two of the many citations which were issued to Appellant appear to contain Appellant's new address, the fact remains that Appellant failed to notify DOT of his change in address as required by the Vehicle Code. Under these circumstances, we conclude that the delay in filing the appeal was not due to a breakdown in the administrative operations of DOT, but due to Appellant's own failure to comply with the change of address provision of the Vehicle Code. Accordingly, we hold that the trial court properly denied Appellant permission to appeal nunc pro tunc.[3]

---

[3] Appellant also contends that permission to appeal nunc pro tunc should have been granted because the post office failed to forward the notices to him at his new address. Appellant argues that the negligent acts of a third party may be grounds for allowing an appeal nunc pro tunc, where the appellant has not been negligent. This argument is without merit because Appellant's failure to

DOT contends that the appeal was frivolous and requests counsel fees pursuant to Pa. R.A.P. 2744. Rule 2744 permits an appellate court to award counsel fees where it determines that an appeal is frivolous and taken solely for purposes of delay. An appeal is frivolous where no justiciable question has been presented and the appeal is readily recognizable as devoid of merit in that there is little prospect of success. *Hewitt v. Commonwealth,* 116 Pa. Commonwealth Ct. 413, 541 A.2d 1183 (1988). However, an appeal is not frivolous merely because we have decided that the position taken by Appellant is incorrect. *Mercy Catholic Medical Center v. Workmen's Compensation Appeal Board (Fry),* 114 Pa. Commonwealth Ct. 218, 538 A.2d 636 (1988).

In this case, Appellant argues that he notified DOT of his change in address as required by the Vehicle Code. The record is completely devoid of any evidence which supports Appellant's contention. Moreover, Appellant's own testimony before the trial court was that he failed to notify DOT of his change in address. The appeal is clearly frivolous and DOT is entitled to an award of reasonable counsel fees.

Accordingly, we affirm the order of the trial court and remand this case to the trial court to determine the amount to be paid to DOT pursuant to Pa. R.A.P. 2744.

### ORDER

AND NOW, December 14, 1988, the order of the Schuylkill County Court of Common Pleas in the above-captioned matter is affirmed and the matter is remanded to the Schuylkill County Court of Common Pleas for calculation of counsel fees under Pa. R.A.P. 2744.

Judge MACPHAIL did not participate in the decision in this case.

---

receive the notices was due to his own failure to comply with the Vehicle Code.