610 A.2d 1076

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Denise LANG (Evancho), Appellee.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 30, 1991.

Decided Nov. 21, 1991.

Publication Ordered June 26, 1992.

William A. Kuhar, Jr., for appellant.

Timothy P. Dawson, for appellee.

Before COLINS and BYER, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) has appealed an order of the Court of Common Pleas of Allegheny County, which sustained the appeal of Denise Lang (Appellee) from a one-year suspension of her operating privileges imposed by the Department.[1] We reverse.

At the February 20, 1991 hearing on Appellee's appeal from her suspension, the Department made an oral motion to quash Appellee's appeal on the ground that she did not file it in a timely manner. Indeed, the Department submitted into evidence a copy of its notice of suspension with a mailing date of April 6, 1990. Appellee, however, did not file her appeal from the suspension until October 22, 1990.[2]

Nothwithstanding the late filing date, the trial court denied the Department's motion, stating that "[u]nder the circumstances, I will allow the appeal *nunc pro tunc,* dismissing the Commonwealth's motion to quash." N.T. at 8.

The trial court found significance in the fact that Appellee apparently had changed her address with the Bureau of Motor Vehicles for her vehicle registration card, even though she did not change it with the Bureau of Driver Licensing for her driver's license. Thus, the Bureau of Driver Licensing sent the notice of suspension to her old address and she apparently never received it. On that basis, the trial court concluded that there was an administrative breakdown in the Department's

1. Section 1547(b)(1) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1), provides that

[i]f any person placed under arrest for a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

2. According to Section 5571(b) of the Judicial Code, 42 Pa.C.S. § 5571(b), a driver must file an appeal from a Department suspension within thirty days. Additionally, Section 5572 of the Judicial Code, 42 Pa.C.S. § 5572, provides that the date of mailing is the date of service of an order of a government unit.

operations sufficient to justify a *nunc pro tunc* filing of Appellee's appeal.

Subsequent to the hearing, the trial court rendered the following, March 26, 1991, opinion:

> Both parties stipulate that Officer Charles Nuzzo had reasonable grounds to stop Defendant Denise Lang and request her to take a breath test. Commonwealth argues that Defendant provided insufficient breath samples, that Officer Nuzzo notified Defendant that she could not provide a proper sample, and that Defendant finally refused to give a blood sample.
>
> This Court believes that the facts of the instant case do not constitute implied refusal. This court holds that the Defendant was willing to take the test and did take the test. We therefore sustain Defendant's appeal.

There are two issues before us. We note that our scope of review with regard to them is limited to determining whether the trial court's findings of fact are supported by substantial evidence, or whether the trial court committed an error of law or abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989).

The first issue is whether the trial court erred in allowing Appellee to file her appeal *nunc pro tunc* on the basis that she met her burden of proving that the delay in filing the appeal was attributable to a breakdown in the Department's administrative operations. The second issue is whether the trial court erred in finding that Appellee's conduct constituted a refusal.

■ A trial court should permit an appeal *nunc pro tunc* "only where the party making the request has shown that the delay in filing the appeal was engendered by extraordinary circumstances involving *fraud or a breakdown in the court's operations through a default of its officers* which has resulted in injury to the appealing party." *Department of Transportation, Bureau of Traffic Safety v. Rick,* 75 Pa. Commonwealth Ct. 514, 516–17, 462 A.2d 902, 903 (1983) (emphasis in the original).

Appellee argues that the trial court did not err in allowing her to file her appeal *nunc pro tunc* because "the Department had within its bureaucratic network the appellee's current mailing address." Appellee's brief at 4. At the beginning of the February 20, 1991 hearing, Appellee's counsel moved for admission of her motor vehicle registration card, allegedly bearing her current address.

The Department counterargues that even though Appellee's counsel moved for admission of the registration card, the trial court never specifically stated that the card was admitted into evidence, nor was the card included in the record lodged before this court. Thus, the Department, citing Pa. R.A.P. 1921, contends that we may not consider the registration card because it is not of record before our court.

Significantly, the General Assembly included two change of address requirements in the Vehicle Code. The first requirement, which specifically refers to motor vehicle registrations, is found in Section 1312 of the Vehicle Code, 75 Pa.C.S. § 1312. Therein, the General Assembly requires persons with registered motor vehicles to notify the Department in writing within fifteen days of moving.

The second requirement, which refers to drivers' licenses only, is found in Section 1515 of the Vehicle Code, 75 Pa.C.S. § 1515. It requires any person with a driver's license to notify the Department of a new address within fifteen days of moving.

As the Department notes, there is nothing in the record before us showing that Appellee changed her address with either the Bureau of Motor Vehicles or the Bureau of Driver Licensing. On that basis, we reverse the trial court's bench order permitting Appellee to file the appeal from her driver's license suspension *nunc pro tunc*. *Korell v. Department of Transportation, Bureau of Driver Licensing*, 122 Pa. Commonwealth Ct. 96, 551 A.2d 398 (1988), *petition for allowance of appeal denied*, 525 Pa. 606, 575 A.2d 571 (1990).

Because we find that the trial court erred in allowing Appellee to file her appeal *nunc pro tunc*, we need not address the second issue. For the above reasons, we reverse.

## ORDER

AND NOW, this 21st day of November, 1991, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed.

BYER, Judge, dissenting.

I respectfully dissent.

My reading of the record fails to disclose any evidence supporting the proposition that appellee changed her address only with the Bureau of Motor Vehicles with respect to her registration but failed to notify the Bureau of Driver Licensing with respect to her license. Instead, appellee used her registration card, showing the new address, to illustrate that she had notified DOT properly, but that the Bureau of Driver Licensing, in contrast to the Bureau of Motor Vehicles, failed to process the change of address form.

On page 6 of the notes of testimony, found in the Reproduced Record at 12a, appellee's counsel informed the trial court of his argument. He stated his client's position as being that DOT "had the address. They sent it out on the registration, but they don't on the license. That is not her fault." Thus, I read the record as showing that appellee contends that she sent in the two required notices, but that DOT processed only one of them.

The problem is that the trial judge denied the motion to quash and permitted the appeal out of time before either party could present evidence on this point. That is why the registration card is not in evidence and why there is no testimony by appellee with respect to precisely what she had done; all we have are the contentions of counsel and the trial court's ruling.

Under these circumstances, I would not reverse. Instead, I would vacate and remand with directions that the trial court

take evidence and make appropriate findings on this jurisdictional question.