641 A.2d 1170

COMMONWEALTH of Pennsylvania, DEPARTMENT
OF TRANSPORTATION, BUREAU OF DRIVER
LICENSING, Appellant,

v.

Ronald Eugene JOHNSON, Appellee.

Superior Court of Pennsylvania.

Argued Feb. 8, 1994.

Filed May 6, 1994.

---

Timothy P. Wile, Harrisburg, for appellant.

R. Mark Thomas, Mechanicsburg, for appellee.

Before WIEAND, McEWEN and SAYLOR, JJ.

4

WIEAND, Judge.

■ In this appeal from a trial court order which reversed the suspension of Ronald Eugene Johnson's driving privileges following pleas of guilty to three charges of possession with intent to deliver controlled substances, the Department of Transportation contends that the trial court erred when it (1) allowed an appeal from the suspension nunc pro tunc; and (2) reversed a legislatively mandated suspension following guilty pleas which had never been withdrawn.[1]

On July 1, 1992, Johnson entered pleas of guilty to three counts of possession with intent to deliver controlled substances and was duly sentenced. Upon certification by the Clerk of Courts of Dauphin County, the Department of Transportation, by letter dated and mailed August 3, 1992, notified Johnson that his operating privileges were being suspended for 90 days in accordance with the mandate of Section 13(m) of the Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233, No. 64, as amended, 35 P.S. § 780–113(m).[2] By notices dated August 5, 1992, the Department

1. This court will entertain the appeal pursuant to Pa.R.A.P. 741(a) because neither party has objected to the court's jurisdiction. It does so despite its belief that jurisdiction more properly resides in the Commonwealth Court. Compare decisions in *Commonwealth, Department of Transportation v. Wylie*, 162 Pa.Commw. 219, 221 n. 1, 638 A.2d 433, 434 n. 1 (1994), on the one hand, and *Commonwealth, Department of Transportation v. Ahlborn*, 156 Pa.Commw. 196, 208 n. 9, 626 A.2d 1265, 1271 n. 9 (1993), on the other.

2. This section provided as follows:

(m) Notwithstanding any other provision in this act, any person, not a registrant, who possesses, sells, delivers, offers for sale, holds for sale or gives away any controlled substance, in addition to any other penalty provided in this or any act, upon conviction for a violation of this act, shall have his or her operating privilege suspended. The clerk of any court of this Commonwealth, within ten days after final judgment of conviction for violations of this act requiring suspension under this section, shall send to the Department of Transportation a record of the conviction on a form provided by the Department of Transportation. When the Department of Transportation suspends the operating privilege of a person under this subsection, the duration of the suspension shall be as follows:

(1) For a first offense, a period of 90 days from the date of suspension.

notified Johnson that his driving privileges would be suspended for additional periods of one and two years because of his convictions on the remaining two charges. On December 17, 1992, Johnson filed a petition in the court of common pleas requesting leave to file an appeal nunc pro tunc. This petition was heard on February 5, 1993, after which an appeal nunc pro tunc was allowed. It was allowed because the Department's notices of suspension had been sent to the address shown on the Department's records and not to the address shown on the certification prepared and forwarded to the Department by the Clerk of Courts. Johnson testified that he had moved from 264 Boas Street, Harrisburg (the address shown on his driver's license) to 2946 Wilson Parkway, Harrisburg (the address shown on the court's records) and had not received the notices sent by the Department. The reason for this was that he had failed to notify the Department that the address shown on his driver's license had been changed.

A hearing on the merits of the appeal was held on April 8, 1993, after which the hearing court vacated the suspensions. It did so because Johnson had not been told at the time of entering his guilty pleas that a collateral consequence of his pleas was the legislatively mandated suspension of his operating privileges.

"It is well settled that an appeal from a driver's license [suspension] must be taken within thirty days from the mailing date of the Department's notice." *Commonwealth, Department of Transportation v. Matlack*, 144 Pa.Commw. 12, 15, 600 A.2d 998, 999 (1991). See also: *Commonwealth, Department of Transportation v. Shain*, 114 Pa.Commw. 360, 538 A.2d 994 (1988); *Commonwealth, Department of Trans-*

(2) For a second offense, a period of one year from the date of suspension.

(3) For a third offense, and any offense thereafter, a period of two years from the date of suspension. Any multiple suspensions imposed shall be served consecutively.

Section 13(m) was amended by the Act of April 16, 1992, P.L. 165, to extend the period of suspension for a first offense from ninety days to six months. It was then repealed pursuant to Act 33 of 1993, and its provisions have been transferred to 75 Pa.C.S. § 1532(c), effective August 27, 1993.

*portation v. Rogers,* 53 Pa.Commw. 641, 419 A.2d 235 (1980). "Appeals filed beyond the 30–day appeal period are untimely and deprive the common pleas court of subject matter jurisdiction over such appeals." *Commonwealth, Department of Transportation v. Maddesi,* 138 Pa.Commw. 467, 471, 588 A.2d 580, 582 (1991). See also: *Bye v. Commonwealth, Department of Transportation,* 147 Pa.Commw. 205, 209, 607 A.2d 325, 327 (1992); *McGraw v. Commonwealth, Department of Transportation,* 123 Pa.Commw. 120, 122, 552 A.2d 1165, 1166–1167 (1989). "An appeal nunc pro tunc may be permitted upon showing that the delay in filing the appeal resulted from extraordinary circumstances involving fraud or a breakdown in the court's operations which caused injury to the appealing party." *Commonwealth, Department of Transportation v. Emery,* 135 Pa.Commw. 274, 279, 580 A.2d 909, 912 (1990). See also: *Commonwealth v. Jarema,* 404 Pa.Super. 121, 126, 590 A.2d 310, 312 (1991); *Commonwealth v. Bassion,* 390 Pa.Super. 564, 568, 568 A.2d 1316, 1318–1319 (1990); *Riddle v. Commonwealth, Department of Transportation,* 136 Pa.Commw. 508, 512, 583 A.2d 865, 867 (1990). "The decision whether to permit an appeal nunc pro tunc is an equitable matter and [an appellate court's] scope of review is limited to a determination of whether the trial court has abused its discretion or committed an error of law." *Commonwealth, Department of Transportation v. Rick,* 75 Pa.Commw. 514, 516, 462 A.2d 902, 903 (1983). See also: *McKeown v. Commonwealth, Department of Transportation,* 144 Pa.Commw. 322, 325, 601 A.2d 486, 487 (1991); *Holmes v. Board of Zoning Appeals,* 130 Pa.Commw. 349, 354, 568 A.2d 301, 303 (1990).

In this case, the first notice of suspension was mailed to Johnson on August 3, 1992, and the second and third notices were mailed by the Department on August 5, 1992. Johnson did not file a statutory appeal until December 17, 1992, when he sought leave of court to appeal nunc pro tunc. His request, clearly, was untimely. Can the untimeliness of the appeal be excused by the failure of the Department to send notice to the address for defendant shown on the court's certification of the convictions? We think not. The Vehicle Code required that

notice of suspension be sent to Johnson's "address of record." See: 75 Pa.C.S. § 1540(b). Another section of the Vehicle Code required Johnson, if he moved from such address, to notify the department in writing of the new address within 15 days after the move. See: 75 Pa.C.S. § 1515.[3]

In *Commonwealth v. McDonough,* 533 Pa. 283, 621 A.2d 569 (1993), an equally divided Supreme Court affirmed a defendant's conviction for driving while her operating privileges were suspended. In doing so, the Court rejected the defendant's argument that the Commonwealth had failed to prove that she had had actual notice of the suspension of her driver's license, in that the Department of Transportation had mailed the notice of suspension to her former address. The opinion in support of affirmance reasoned as follows:

Appellant's argument must fail because her admitted failure to notify PennDot of her new address violates 75 Pa.C.S.A. § 1515 and thus, precludes her reliance on the defense of insufficient notice, where notice was sent to her address of record. *Commonwealth v. Heckman,* 404 Pa.Super. 335, 590 A.2d 1261 (1991). *Commonwealth v. Kane, supra,* [460 Pa. 582, 333 A.2d 925 (1975) ], is inapposite because, in that case, the defendant's notice of suspension was not sent to defendant's address of record with PennDot, but instead, due to a typographical error, was sent to an address at which defendant had never resided. Unlike *Kane,* in the present case, it was appellant's own conduct which rendered actual notice impossible. We cannot allow appellant to use a violation of one law to circumvent a violation of another law. Therefore, we conclude that, although actual notice of suspension is still a necessary element of the crime of driving while operating privilege is suspended or revoked

3. This section provides as follows:

§ 1515. Notice of change of name or address

Whenever any person after applying for or receiving a driver's license moves from the address named in the application or in the driver's license issued or when the name of a licensee is changed such person shall, within 15 days thereafter, notify the department in writing of the old and new addresses or of such former and new names and of the number of any license then held by the person. 75 Pa.C.S. § 1515.

(75 Pa.C.S.A. § 1543), a defendant's failure to notify Penn-Dot of a change of address pursuant to 75 Pa.C.S.A. § 1515, precludes his or her reliance on the defense of insufficient notice.

*Commonwealth v. McDonough, supra* 533 Pa. at 287–288, 621 A.2d at 572 (Opinion In Support of Affirmance) (footnote omitted).

In *Commonwealth v. Heckman,* 404 Pa.Super. 335, 590 A.2d 1261 (1991), the Superior Court had held that "when a defendant fails to notify PennDot of a change in address pursuant to 75 Pa.C.S.A. § 1515, the defendant cannot rely on this violation of the law to insulate him from more serious violations by claiming lack of actual notice." *Id.* at 346–347, 590 A.2d at 1267 (footnote omitted).

The Commonwealth Court has reached a similar result. In *Korell v. Commonwealth, Department of Transportation,* 122 Pa.Commw. 96, 551 A.2d 398 (1988), the Court held that a failure to file a timely appeal would not be excused by a failure to receive notice where the licensee had failed to notify the Department of a change of address. The Court said:

> In order for an appeal nunc pro tunc to be permitted there must be fraud or a breakdown in the court's operations. *Department of Transportation, Bureau of Traffic Safety v. Rick,* 75 Pa.Commonwealth Ct. 514, 462 A.2d 902 (1983). Appellant contends that [the Department] was aware of his correct address, but mailed the notices to an incorrect address, and that this constituted a breakdown in the administrative operations of [the Department].
>
> . . . .
>
> [A]lthough two of the many citations which were issued to Appellant appear to contain Appellant's new address, the fact remains that Appellant failed to notify [the Department] of his change in address as required by the Vehicle Code. Under these circumstances, we conclude that the delay in filing the appeal was not due to a breakdown in the administrative operations of [the Department], but due to

Appellant's own failure to comply with the change of address provision of the Vehicle Code. Accordingly, we hold that the trial court properly denied Appellant permission to appeal nunc pro tunc.

*Id.* 122 Pa.Cmwlth. at 98–99, 551 A.2d at 400 (footnote omitted).

Subsequently, in *Commonwealth, Department of Transportation v. Lang,* 148 Pa.Commw. 19, 610 A.2d 1076 (1991), the Commonwealth Court reversed a trial court's order allowing a motorist to file a nunc pro tunc appeal from the suspension of her driver's license where the trial court had permitted the nunc pro tunc appeal on grounds that notice of the suspension had been mailed to the motorist's former address, even though "the Department had within its bureaucratic network the [motorist's] current mailing address." *Id.* at 23, 610 A.2d at 1077. The Commonwealth Court rejected the trial court's analysis and held that the absence of evidence that the motorist had properly notified the Department of Transportation of her change of address precluded an appeal nunc pro tunc. With respect to the notification provisions of 75 Pa.C.S. § 1515, the Commonwealth Court has observed further:

Clearly, a notice of revocation of driving privileges can only be sent to a motorist's last known address. Here, Cern's last known address as recorded in [the Department's] official files was his former Pennsylvania address.

Cern, of course, bore the responsibility of informing [the Department] of his change of address pursuant to Section 1515 of the Code, 75 Pa.C.S. § 1515, but there is nothing in the record to indicate that he did so. Absent such notification of a change of address, it was neither unreasonable nor improper for [the Department] to rely upon the address officially listed in its records as Cern's last known address, despite a contrary address on the citation issued to Cern for his third offense. Otherwise, Section 1515 of the Code, 75 Pa.C.S. § 1515, would be rendered ineffective. Moreover, to conclude differently might compel [the Department] to act contrary to a statutory directive that it issue written notices of suspension or revocation of operating privileges to

persons at their addresses of record. *See* [75 Pa.C.S. § 1540(b) ].

*Commonwealth, Department of Transportation v. Cern,* 145 Pa.Commw. 647, 656–657, 604 A.2d 1135, 1140–1141 (1992) (footnotes omitted). See also: *Commonwealth, Department of Transportation v. Warenczuk,* 534 Pa. 623, 633 A.2d 1167 (1993) (Opinions In Support of Affirmance by Montemuro, J. and Papadakos, J.).

██ After careful review of the foregoing authorities, we conclude that the trial court erred when it allowed appellee to appeal nunc pro tunc from the suspensions of his driver's license. Here, appellee's failure to file a timely appeal was not attributable to fraud or a breakdown in the Department of Transportation's administrative operations. The Department of Transportation fulfilled its statutory duty of sending notice to appellee's "address of record" as required by 75 Pa.C.S. § 1540(b), and it was appellee's failure to comply with the provisions of 75 Pa.C.S. § 1515 which resulted in the notices of suspension being sent to his former address. Under these circumstances, the trial court incorrectly applied the law when it allowed Johnson to file an appeal nunc pro tunc.

██ Even if the law were otherwise, this Court would be required to reverse the trial court's order setting aside the suspension of appellant's operating privileges. So long as a drug conviction remains extant, the statute mandates a suspension of the defendant's operating privileges. Only if there has been no conviction, may a suspension imposed by the Department be set aside.

In *Commonwealth, Department of Transportation v. Tarnopolski,* 533 Pa. 549, 626 A.2d 138 (1993), the Supreme Court said that "[i]n a license suspension case, the only issues are whether the licensee was in fact convicted, and whether [the Department] has acted in accordance with applicable law. [The Department] carries the burden to produce a record of the conviction that supports the suspension." *Id.* at 552, 626 A.2d at 140. See also: *Commonwealth v. Weis,* 416 Pa.Super. 623, 644–645, 611 A.2d 1218, 1230 (1992); *Commonwealth,*

*Department of Transportation v. Meckler,* 160 Pa.Commw. 609, 613, 635 A.2d 718, 721 (1993); *Zeitlen v. Commonwealth, Department of Transportation,* 106 Pa.Commw. 170, 171, 525 A.2d 876, 877 (1987).

■■ It is well settled that "an underlying criminal conviction may not be attacked in a subsequent suspension appeal, which is civil in nature." *Commonwealth, Department of Transportation v. Calloway,* 60 Pa.Commw. 647, 648, 432 A.2d 322, 323 (1981). See: *Commonwealth, Department of Transportation v. Grobes,* 45 Pa.Commw. 151, 405 A.2d 588 (1979); *Commonwealth, Department of Transportation v. Lea,* 34 Pa.Commw. 310, 384 A.2d 269 (1978). See also: *Commonwealth v. Bursick,* 526 Pa. 6, 12, 584 A.2d 291, 294 (1990); *Commonwealth v. Weis, supra; Commonwealth, Department of Transportation v. Valentine,* 71 Pa.Commw. 8, 10, 453 A.2d 742, 743 (1982). The relevant inquiry "is whether the operator *was* convicted and not whether he *should have been* convicted." *Commonwealth v. Nyman,* 218 Pa.Super. 221, 224, 275 A.2d 836, 838 (1971). See also: *Commonwealth v. Wolf,* 534 Pa. 283, 292, 632 A.2d 864, 868 (1993); *Johnson v. Commonwealth,* 68 Pa.Commw. 384, 387, 449 A.2d 121, 123 (1982); *Commonwealth, Department of Transportation v. Calloway, supra.*

In the instant case, although Johnson has suggested the invalidity of his pleas of guilty, he has made no attempt to withdraw the same. The convictions, therefore, stand, and the statute compels suspensions.

Moreover, his allegation that the pleas of guilty were invalidly entered is lacking in merit. In *Plowman v. Commonwealth, Department of Transportation,* 535 Pa. 315, 635 A.2d 124 (1993), the Supreme Court, in a decision holding Section 13(m) of the Drug Act constitutional, rejected an argument that a suspension of a driver's operating privileges constituted cruel and unusual punishment. In so doing, the Court said:

> The underpinning for [appellee's] position is that the suspension of her license is a criminal penalty. Because we disagree with her characterization of the sanction imposed,

we cannot accept her conclusion. (Although Section 13(m) is included in the Crimes Code, that, in and of itself, does not make the penalty imposed a criminal punishment.) *Section 13(m) of the Act is merely a civil consequence of a criminal violation.* Furthermore, no discretion exists in its application as PennDOT is required to suspend a driver's license upon proper notification of a conviction. For these reasons, we hold that Section 13(m) of the Act does not violate either the Eighth Amendment of the United States Constitution or Article 1, Section 13 of the Pennsylvania Constitution.

*Id.*, 535 Pa. at 319–320, 635 A.2d at 127–128 (emphasis added) (footnote omitted).

■ In view of the Supreme Court's determination in *Plowman,* we must decline to follow the holdings of the Commonwealth Court in *Commonwealth, Department of Transportation v. Cassidy,* 156 Pa.Commw. 611, 628 A.2d 1179 (1993) and *Commonwealth, Department of Transportation v. Ahlborn,* 156 Pa.Commw. 196, 626 A.2d 1265 (1993) that the suspension mandated by Section 113(m) is a direct criminal penalty. It is, as the Supreme Court has held, a collateral civil consequence.

■ The law is well settled that "a defendant's lack of knowledge of the collateral consequences of pleading guilty does not undermine the validity of his guilty plea." *Commonwealth v. Frometa,* 520 Pa. 552, 555, 555 A.2d 92, 93 (1989). See also: *Commonwealth v. Duffey,* 536 Pa. 436, 439, 639 A.2d 1174, 1175 (1994); *Rogers v. Williams,* 420 Pa.Super. 396, 403, 616 A.2d 1031, 1034–1035 (1992); *Commonwealth v. Englert,* 311 Pa.Super. 78, 82, 457 A.2d 121, 123 (1983). The Commonwealth Court has agreed. Thus, in *Brewster v. Commonwealth, Department of Transportation,* 94 Pa.Commw. 277, 503 A.2d 497 (1986), the Commonwealth Court, sitting en banc, observed that:

a license revocation is a civil proceeding. The suspension of operating privileges is, therefore, a collateral consequence of any criminal proceedings. It is a consequence, civil in nature, whose imposition has been vested in an administra-

tive agency over which the criminal judge had no control and for which he had no responsibility. "Courts have thus consistently held that a trial court's failure to inform a defendant of this potential collateral consequence does not invalidate his [guilty] plea." *Commonwealth v. Wellington,* 305 Pa.Superior Ct. 24, 27, 451 A.2d 223, 224 (1982); *Commonwealth v. Englert,* 311 Pa.Superior Ct. 78, 457 A.2d 121 (1983).

*Id.* 94 Pa.Cmwlth. at 280–281, 503 A.2d at 498. See also: *Commonwealth v. Duffey, supra* 536 Pa. at 439–441, 639 A.2d at 1175–1176; *Commonwealth v. Wolf, supra* 534 Pa. at 289, 632 A.2d at 867; *Commonwealth v. Englert, supra; Commonwealth, Department of Transportation v. Weniger,* 136 Pa. Commw. 603, 610–611, 584 A.2d 394, 398 (1990).[4]

■ Consistently with the decided cases, we hold that a valid plea of guilty to a drug offense does not require the defendant to be informed that, as a consequence of his conviction, his driver's license will be suspended by the Department of Transportation under 35 P.S. § 780–113(m). Therefore, the failure to receive such information from the court at the time of entering a plea of guilty does not constitute a basis for challenging a suspension in an appeal from the administrative imposition thereof.

■ When a guilty plea has been entered invalidly, the usual remedy is to move the criminal court to allow a withdrawal of the plea. Unless and until the plea is withdrawn, it constitutes a conviction for which the Department is required to impose a suspension of operating privileges. While the conviction continues to stand, a court cannot set aside a suspension which has been imposed by the Department pursuant to statutory mandate.

Order reversed. Suspension reinstated.

---

4. In *Commonwealth, Department of Transportation v. Ahlborn, supra,* the Commonwealth Court conceded that "[i]f the license suspension [under 35 P.S. § 780–113(m)] is a collateral civil consequence, then precedent is clear that there is no duty on the part of the court to inform the defendant [at the time a guilty plea is entered.]" *Id.* 156 Pa.Cmwlth. at 205, 626 A.2d at 1269.