**Emil E. MAXION, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted March 12, 1999.

Decided April 23, 1999.

Barry Miller, Norristown, for appellant.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before COLINS, President Judge, and FLAHERTY, J., and NARICK, Senior Judge.

COLINS, President Judge.

Emil E. Maxion (Maxion) appeals from the order of the Court of Common Pleas of Montgomery County (trial court), which denied Maxion's petition for leave to file a *nunc*

---

*pro tunc* statutory appeal from a one-year suspension of his operating privilege, imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Bureau), pursuant to Section 1547(b)(1) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1).[1]

The following facts gave rise to Maxion's appeal. Prior to October 10, 1997, Maxion lived at 1006 Glen Devon Drive, Ambler, Pennsylvania, which was his address of record with the Bureau. On or about October 10, 1997, Maxion moved from the foregoing address to that of his parents at 635 Allentown Road, Telford, Pennsylvania. He neglected to notify the Bureau in writing of his change of address, as required by Section 1515 of the Vehicle Code, 75 Pa.C.S. § 1515.[2]

On October 11, 1997, Maxion was arrested by Pennsylvania State Trooper Steven Ranck (Trooper Ranck) and was charged with driving under the influence (DUI). Maxion was asked to submit to chemical testing, and his response was deemed a refusal by Trooper Ranck, who reported that refusal to the Bureau. According to the record, several days after his arrest, Maxion contacted the Pennsylvania State Police barracks and left a message for Trooper Ranck indicating that he was temporarily living at his parent's house at 635 Allentown Road in Telford.

The Bureau, by official notice letter dated November 3, 1997 and mailed to Maxion's former Ambler address of record, notified Maxion that, as a result of his reported refusal to submit to chemical testing, his operating privilege was scheduled to be suspended for one year, effective December 8, 1997. Maxion, then living with his parents in Telford, avers that he did not receive the notice until December 17, 1997, after the 30-day appeal period had expired. On December 19,

1997, Maxion, acting through his attorney, filed a petition for leave to file a *nunc pro tunc* appeal from the suspension.

A hearing on this petition was held on September 28, 1998, at which Maxion recounted that the date he was arrested for his DUI offense, was the same day on which his wife asked him to leave their marital residence in Ambler, resulting in his move to Telford. Maxion also reiterated that he had left a message for Trooper Ranck advising the latter of his new residence. Trooper Ranck verified Maxion's testimony and stated that he provided Maxion's "new" Telford address to the district justice, after Maxion failed to appear at the first scheduled preliminary hearing, but that he did not forward the address to the Department of Transportation. At the hearing, Maxion also testified that from November 12, 1997, through November 14, 1997, he was in the County Emergency Services and that from November 14, 1997, through December 1, 1997, he was an inpatient at the Horsham Clinic. He further testified that during the time he was absent from his marital residence, he was not permitted to check his mail, and that the only mail he received was that which his wife sporadically delivered to his father.

■ While expressing sympathy for Maxion's situation, the trial court nonetheless stated that a "petition nunc pro tunc for a license suspension on appeal has to show either fraud or a breakdown in the court system," and that "unfortunately, for Mr. Maxion, taking everything he says as true, and I accept everything that he says as true, neither of those propositions are made out by the testimony." (N.T. 9/28/98, p. 24). Ac-

---

1. 75 Pa.C.S. § 1547(b)(1) provides in pertinent part:

> (b) **Suspension for refusal.-**
> (1) If any person placed under arrest for a violation of Section 3731 (relating to driving under the influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

2. 75 Pa.C.S. § 1515, provides, in pertinent part:

> Whenever any person after applying for or receiving a driver's license moves from the address named in the application or in the driver's license issued or when the name of a licensee is changed such person shall, within 15 days thereafter, notify the department in writing of the old and new addresses or such former and new names and of the number of any license then held by the person.

cordingly, the trial court denied Maxion's petition, and this appeal followed.[3]

■ Upon review of the record, we are constrained to concur with the trial court's decision. In *Department of Transportation, Bureau of Driver Licensing v. Johnson*, 434 Pa.Super. 1, 641 A.2d 1170, 1172 (1994), the Superior Court reiterated that

> "an appeal from a driver's license [suspension] must be taken within thirty days from the mailing date of the Department's notice." *Commonwealth, Department of Transportation v. Matlack*, 144 Pa. Commw. 12, 15, 600 A.2d 998, 999 (1991).... "An appeal nunc pro tunc may be permitted upon showing that the delay in filing the appeal resulted from extraordinary circumstances involving fraud or a breakdown in the court's operations which caused injury to the appealing party." *Commonwealth, Department of Transportation v. Emery*, 135 Pa.Commw. 274, 279, 580 A.2d 909, 912 (1990).... "The decision whether to permit an appeal nunc pro tunc is an equitable matter and [an appellate court's] scope of review is limited to a determination of whether the trial court has abused its discretion or committed an error of law." *Commonwealth, Department of Transportation v. Rick*, 75 Pa. Commw. 514, 516, 462 A.2d 902, 903 (1983).

Section 1540(b)(1) of the Vehicle Code, 75 Pa.C.S. § 1540(b)(1), requires that notice of suspension be sent to the licensee's "address of record." Section 1515 of the Vehicle Code requires a licensee to notify the Department, in writing, within 15 days after licensee changes his or her address. Unarguably, the question arises whether licensees are fully advised of the technical requirement of written notice to the Department of any address change.

In any event, Maxion made a good faith attempt to notify Trooper Ranck of his address change within two days after his arrest. Furthermore, it is not unreasonable that Maxion presumed Trooper Ranck to be an employee and/or agent of the Department, and therefore believed that he was complying with any notification requirement. However, this Court cannot ignore that the statutory responsibility of notifying the Department in writing of any address change is placed unequivocally upon the licensee, a burden which precedent has sustained.

This is clearly illustrated in *Department of Transportation, Bureau of Driver Licensing v. Lang*, 148 Pa.Cmwlth. 19, 610 A.2d 1076 (1991), *petition for allowance of appeal denied*, 530 Pa. 647, 607 A.2d 256 (1992), wherein this Court reversed a trial court's order allowing a licensee to file a *nunc pro tunc* appeal from the suspension of her driver's license, on grounds that notice of the suspension had been mailed to the licensee's former address. In *Lang*, the licensee argued that the Department erred especially since it had her current mailing address "within its bureaucratic network," *Id.*, 610 A.2d at 1077. This argument is analogous to that posited in the present matter by Maxion who argues that several days after his arrest, he left a message about his changed address with Trooper Ranck. Ultimately, the onus of providing written notification of his address change to the Department was on Maxion, not on Trooper Ranck. Therefore, any argument that Maxion's failure to timely file an appeal was due to a breakdown in the court's operations, that is, Trooper Ranck's failure to notify the Department, is not viable.

Accordingly, the order of the Court of Common Pleas of Montgomery County is affirmed.

### *O R D E R*

**AND NOW**, this 23rd day of April, 1999, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby affirmed.

---

**3.** Our scope of review, where, as here, the trial court does not permit an untimely appeal to be filed *nunc pro tunc*, is limited to determining whether the trial court abused its discretion or committed an error of law. *Korell v. Department of Transportation, Bureau of Driver Licensing*, 122 Pa.Cmwlth. 96, 551 A.2d 398 (1988), *petition for allowance of appeal denied*, 525 Pa. 606, 575 A.2d 571 (1990).