IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Aldrin Gratts                                    :
                                                 :
       v.                                        :   No. 1324 C.D. 2020
                                                 :
Commonwealth of Pennsylvania                     :
Department of Transportation,                    :
Bureau of Driver Licensing,                      :
                      Appellant                  :   Submitted: March 8, 2024

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                          FILED:  April 10, 2024

       The Commonwealth of Pennsylvania, Department of Transportation, Bureau

of Driver Licensing (DOT) appeals from the December 1, 2020 Order of the Court

of Common Pleas of Luzerne County (Trial Court), which sustained the appeal of

Aldrin Gratts (Licensee) from the one-year suspension of his operating privilege

imposed by DOT under Section 1547(b)(1)(i) of the Vehicle Code, 75 Pa. C.S. §

1547(b)(1)(i),[1] commonly known as the Implied Consent Law, due to his refusal to

submit to chemical testing following his arrest for DUI.  Because we conclude that

the Trial Court lacked jurisdiction to consider Licensee's statutory appeal, we vacate

---

[1] Section 1547(b)(1)(i) of the Implied Consent Law states:

   If any person placed under arrest for a violation of [S]ection 3802 [of the Vehicle
   Code (relating to driving under the influence of alcohol or a controlled substance
   (DUI)), 75 Pa. C.S. § 3802,] *is requested to submit to chemical testing and refuses
   to do so, the testing shall not be conducted but upon notice by the police officer,*
   [*DOT*] *shall suspend the operating privilege of the person  . . . for a period of 12
   months.*

75 Pa. C.S. § 1547(b)(1)(i).

the Trial Court's Order and direct DOT to reinstate the one-year suspension of Licensee's operating privilege.[2]

## Background

On July 6, 2019, DOT issued a Notice of Suspension to Licensee, informing him that his operating privilege would be suspended for a period of one year, effective August 10, 2019, due to his refusal to submit to chemical testing on June 7, 2019. On August 5, 2019, Licensee filed a statutory appeal with the Trial Court.

On October 10, 2019, the Trial Court entered the following Order:

> [*U*]*pon agreement of the parties*, IT IS HEREBY ORDERED AND DECREED the above-captioned license suspension appeal is WITHDRAWN. *The suspension is to become effective April 7, 2020* [,] provided there are no active or pending sanctions on [Licensee's] driving record and [Licensee] does not incur any other operating privilege sanctions between the date of this Order and the effective date of the suspension.

Reproduced Record (R.R.) at 22a (emphasis added).

Consistent with the parties' agreement, on October 25, 2019, DOT issued an Additional Notice of Suspension to Licensee, informing him that his operating privilege would be suspended for a period of one year, effective April 7, 2020, due to his refusal to submit to chemical testing on June 7, 2019.

On January 7, 2020, a jury trial commenced on Licensee's underlying criminal DUI charges. On January 8, 2020, the jury acquitted Licensee of one DUI count, but was deadlocked on the second DUI count, resulting in a mistrial on the second count. The Commonwealth subsequently *nolle prossed* the second DUI count.

---

[2] By Order entered September 11, 2023, this Court precluded Licensee from filing an appellate brief due to his failure to comply with the Court's briefing schedule.

2

Six months later, on July 14, 2020, Licensee filed with the Trial Court a Petition for Permission to File *Nunc Pro Tunc* Appeal (Petition), seeking to appeal from DOT's October 25, 2019 Additional Notice of Suspension. In his Petition, Licensee averred that he previously filed a timely appeal of the original suspension; he agreed to withdraw that appeal in exchange for a six-month deferral of his suspension; and due to "unexpected" testimony during the criminal trial corroborating his claim of an "anxiety attack" at the time of his arrest, he should be permitted to appeal the present suspension *nunc pro tunc*. R.R. at 4a-5a. Licensee also averred that his appeal was untimely because he lost his job due to the DUI charges and "used up all of his available financial resources to pay attorney fees and other expenses associated with [the criminal] trial." *Id.* at 5a. Finally, Licensee averred that although he was "never guilty of the crime of DUI, nor any other crime," he "suffered significant financial harm, as well as irreparable harm to his reputation" because of the criminal charges. *Id.* According to Licensee, "[t]he allowance of a [n]unc [p]ro [t]unc appeal would, at least in part, begin to remedy" these alleged wrongs. *Id.* at 6a.

The Trial Court held a hearing on the Petition on August 10, 2020. At the hearing, Licensee's counsel argued in support of a *nunc pro tunc* appeal as follows:

> [N]ew information that I received would include that [Pennsylvania State Police] Trooper [Michael J.] Tracy had previously told me that he had . . . a dash cam[era] video of the event, which would support all of his assertions going into trial. That [video] never materialized. It was not presented as evidence at trial. . . .
>
> Perhaps, more importantly, . . . during jury deliberations I actually witnessed [Licensee] having an anxiety attack. He held it together throughout his testimony, but while we were waiting for the jury to deliberate and reach a verdict, I actually witnessed what happens to him when his anxiety flairs up. It's a physical reaction, gasping. He

3

actually wound up with a little bit of saliva on his tie because he couldn't control his breathing. I'm not really around people that have anxiety. *Had I known that was his sort of reaction to that, I might have been more aggressive with the appeal*. . . .

R.R. at 9a (emphasis added). Licensee's counsel further argued:

[*Licensee*] *was never guilty of the crime of DUI or any other crime.* He's already suffered significant financial harm, as well as harm to his reputation, and his inability to legally drive a vehicle further impairs his ability to earn an income or to enjoy the kind of life that most non-guilty people enjoy.

So, Judge, if you're willing to grant this *nunc pro tunc* and allow us to appeal the refusal [of chemical testing] based on his anxiety at the time, I believe, the interest of equity and justice would be served.

*Id.* (emphasis added).

At the conclusion of the hearing, the Trial Court granted Licensee's Petition, concluding as follows:

I've considered all the submissions, and while I realize there's no[] claim of fraud, as such, *there is overall a set of extraordinary circumstances where . . . Trooper* [*Tracy*]*, presumably in good faith, made an assertion that there will be a video of everything, which failed to materialize, and that resulted in an extraordinary burden on* [*Licensee*] *to have to defend himself to the nines in matters that were ultimately determined in his favor*; and in light of the overall circumstances, I believe, this does present the kind of extraordinary grounds on which [Licensee] should be granted *nunc pro tunc* relief to file an appeal.

R.R. at 10a (emphasis added); *see id.* at 24a.

4

On November 9, 2020, the Trial Court held a *de novo* hearing on the merits of Licensee's statutory appeal. Following the hearing, on December 1, 2020, the Trial Court sustained Licensee's appeal. DOT now appeals from that decision.[3]

## **Analysis**

Before this Court, DOT asserts that the Trial Court erred in permitting Licensee to proceed with a *nunc pro tunc* statutory appeal. DOT asserts that Licensee failed to establish that his untimely appeal was the result of extraordinary circumstances involving fraud or an administrative breakdown and, therefore, the Trial Court lacked jurisdiction to consider the merits of his appeal. We agree.

### **1. Waiver**

Preliminarily, we observe that although DOT addresses the timeliness issue in its appellate brief, it failed to include the issue in its Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal (1925(b) Statement). Ordinarily, the failure to raise a particular issue in a 1925(b) Statement results in waiver of the issue on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph . . . are waived."). However, questions of subject matter jurisdiction are non-waivable and may be raised at any time, even on appeal, by the parties or by the court *sua sponte*. *Williamson v. Dep't of Transp., Bureau of Driver Licensing*, 129 A.3d 597, 601 (Pa. Cmwlth. 2015); *see also Alexander v. Dep't of Transp., Bureau of Driver Licensing*, 880 A.2d 552, 556 (Pa. 2005) ("[DOT] correctly notes that subject matter jurisdiction cannot be waived and may be raised at any stage in the litigation; therefore, we will address this issue notwithstanding [DOT's] failure to raise it

---

[3] Where the trial court permits an untimely appeal to proceed *nunc pro tunc*, our review is limited to determining whether the trial court abused its discretion or committed an error of law. *Lajevic v. Dep't of Transp., Bureau of Driver Licensing*, 718 A.2d 371, 372 (Pa. Cmwlth. 1998).

5

sooner."). The timeliness of Licensee's statutory appeal implicates the Trial Court's subject matter jurisdiction. *See Williamson*, 129 A.3d at 601 ("[A]ppeals filed beyond the 30-day appeal period are untimely and deprive the trial court of subject matter jurisdiction over the appeals."). Therefore, we conclude that DOT has not waived this issue by failing to include it in its 1925(b) Statement.

## 2. *Nunc Pro Tunc* Appeal

A licensee has 30 days from the mailing date of DOT's notice of suspension to file a timely appeal with the trial court. Section 5571(b) and 5572 of the Judicial Code, 42 Pa. C.S. §§ 5571(b), 5572. Here, DOT's Additional Notice of Suspension bore a "mail date" of October 25, 2019, so Licensee had 30 days from that date, or until November 25, 2019, to file a timely appeal.[4] It is undisputed that Licensee's appeal, filed on July 14, 2020, was untimely, as it was filed almost eight months beyond the 30-day deadline.

"[S]tatutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence." *Hudson v. Dep't of Transp., Bureau of Driver Licensing*, 830 A.2d 594, 598-99 (Pa. Cmwlth. 2003). Nonetheless, a court may allow an appeal *nunc pro tunc* where the untimely filing was caused by "*extraordinary circumstances involving fraud or a breakdown in the court's operations through a default of its officers* which has resulted in injury to the appealing party." *Dep't of Transp., Bureau of Driver Licensing v. Lang*, 610 A.2d 1076, 1077 (Pa. Cmwlth. 1991) (emphasis added). Leave to appeal *nunc pro tunc* may also be granted when the appeal is filed late due to non-negligent circumstances on the part of the appellant or his counsel. *See Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1132 (Pa. 1996). Our Supreme Court has clarified, however,

---

[4] Because the thirtieth day fell on a Sunday, Licensee had until Monday, November 25, 2019, to file a timely appeal.

6

that the exception for "non-negligent circumstances is meant to apply *only in unique and compelling cases in which the appellant has clearly established that he attempted to file an appeal, but unforeseeable and unavoidable events precluded him from actually doing so*." *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001) (emphasis added).

Before the Trial Court, Licensee maintained that he should be permitted to appeal *nunc pro tunc* due to "unexpected" evidence that arose during his criminal trial, as well as the favorable outcome of the criminal trial. *See* R.R. at 5a-6a. It is well established, however, that "a licensee's guilt or innocence on the related criminal charges has *no bearing on* [*civil*] *license suspension proceedings*." *Zwibel v. Dep't of Transp., Bureau of Driver Licensing*, 832 A.2d 599, 605 (Pa. Cmwlth. 2003) (emphasis added); *see also Fetherman v. Dep't of Transp., Bureau of Driver Licensing*, 167 A.3d 846, 854 (Pa. Cmwlth. 2017) ("A license suspension stemming from a refusal to submit to chemical testing is a *separate administrative proceeding from a criminal DUI proceeding arising out of the same incident*. It is not a crime to refuse chemical testing under [the] Implied Consent Law.") (emphasis added); *Dep't of Transp., Bureau of Driver Licensing v. Lefever*, 533 A.2d 501, 503 (Pa. Cmwlth. 1987) ("*Regardless of the disposition of the criminal charge*, the suspension resulting from a refusal to submit to a blood alcohol level test is an independent civil proceeding.") (emphasis added).

In granting Licensee's Petition, the Trial Court found that Trooper Tracy's failure to produce the dash camera video during the criminal trial placed an "extraordinary burden on [Licensee] to have to defend himself to the nines in matters that were ultimately determined in his favor." R.R. at 10a. However, the basis of Licensee's operating privilege suspension was his *refusal to submit to chemical*

7

*testing at the time of his arrest* under the Implied Consent Law, which was not at issue in the criminal proceedings. *See Fetherman*, 167 A.3d at 854.[5]

Licensee also argued that the Trial Court should permit his untimely appeal because he lost his job due to the DUI charges and expended significant financial resources on the criminal trial. However, financial hardship is not a proper basis for granting a *nunc pro tunc* appeal. *See Carney v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018) ("The pressure of life events is . . . insufficient to excuse an untimely [statutory] appeal."); *see also Jones v. Dep't of Transp., Bureau of Motor Vehicles* (Pa. Cmwlth., No. 95 C.D. 2020, filed Feb. 19, 2021), slip op. at 11 (holding that "[a]lthough [the licensee] experienced financial hardship," "this does not constitute fraud or administrative or judicial breakdown as related to []DOT that meets the standard contemplated under *nunc pro tunc* relief"); *Rabe v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 1785 C.D. 2013, filed Feb. 24, 2014) (denying *nunc pro tunc* relief to a claimant who was dealing with financial stress and multiple pending court cases during the statutory appeal period).[6] Rather, Licensee was required to establish "extraordinary circumstances involving fraud or a breakdown in the court's operations through a default of its officers," *Lang*, 610 A.2d at 1077, which he failed to do.

---

[5] To support a license suspension under the Implied Consent Law, DOT must prove that the licensee: (1) was arrested for a violation of Section 3802 of the Vehicle Code by a police officer with reasonable grounds to believe that he was driving, operating, or in actual physical control of the movement of a vehicle while under the influence; (2) was asked to submit to a chemical test of his blood or breath; (3) refused to do so; and (4) was specifically warned that a refusal would result in the suspension of his operating privilege. *Garlick v. Dep't of Transp., Bureau of Driver Licensing*, 176 A.3d 1030, 1035 (Pa. Cmwlth. 2018) (*en banc*).

[6] We may cite unreported panel decisions as persuasive authority pursuant to Section 414(a) of our Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

8

## Conclusion

We conclude that Licensee failed to establish extraordinary circumstances involving fraud or a breakdown in the court's operations justifying an appeal *nunc pro tunc*. Licensee also failed to establish that he attempted to file a timely appeal, but unforeseeable and unavoidable events prevented him from doing so. As such, the Trial Court lacked jurisdiction to consider the merits of his untimely appeal.[7] Accordingly, we vacate the Trial Court's Order and direct DOT to reinstate the one-year suspension of Licensee's operating privilege.

ELLEN CEISLER, Judge

---

[7] In light of our conclusion that the Trial Court lacked jurisdiction to entertain Licensee's statutory appeal, we do not reach DOT's remaining issues on the merits of the underlying license suspension.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Aldrin Gratts | : | |
| | : | |
| v. | : | No. 1324 C.D. 2020 |
| | : | |
| Commonwealth of Pennsylvania | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | |

## **O R D E R**

AND NOW, this 10th day of April, 2024, the December 1, 2020 Order of the Court of Common Pleas of Luzerne County is hereby VACATED. The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing is hereby DIRECTED TO REINSTATE the one-year suspension of Aldrin Gratts's operating privilege.

_____

ELLEN CEISLER, Judge