IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | CASES CONSOLIDATED |
| | : | |
| v. | : | |
| | : | Nos. 1531 C.D. 2024 |
| Bin Guo, | : | 1780 - 1781 C.D. 2024 |
| Appellant | : | Submitted: February 3, 2026 |

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                                                    FILED: March 16, 2026

Bin Guo (Appellant) appeals the December 30, 2024 order (Trial Court Order) of the Court of Common Pleas of Allegheny County (Trial Court) that denied Appellant's three Petitions to File Appeal *Nunc Pro Tunc* (collectively, NPT Petitions) regarding his summary convictions for violations of a local property maintenance code.  Upon review, we affirm.

The facts of this matter are straightforward and not in dispute.  On January 31, 2023, April 6, 2023, and May 23, 2023, the City of Pittsburgh issued Appellant citations for violation of local ordinances pertaining to Appellant's properties located at 237-245 Baldwin Road in Pittsburgh.  Appellant was convicted on one of these citations on February 21, 2023, and of the other two on July 20, 2023 (collectively, Summary Convictions).[1]  On September 4, 2024, Appellant filed the

---

[1] In the underlying cases that make up the Summary Convictions, Appellant was cited for and convicted of violating the City of Pittsburgh Code of Ordinances Sections 108.1.1 (Unsafe structures), 304.13 (Maintenance of windows, skylights, and door frames), 305.3 (Maintenance of interior surfaces), 308.1 (Accumulation of rubbish or garbage), 308.3.2 (Rubbish containers required), 605.1 (Installation of electrical equipment, wiring, and appliances), and 605.2 (Electrical

NPT Petitions. The Trial Court conducted a consolidated hearing on the NPT Petitions on October 8, 2024, and denied the NPT Petitions on the record at the end of the hearing. Appellant appealed.[2]

Initially, we observe that an appeal *nunc pro tunc* is a recognized exception to the general rule prohibiting extension of an appeal deadline. *See Martin v. Zoning Hearing Bd. of W. Vincent*, 230 A.3d 540, 547 (Pa. Cmwlth. 2020). *Nunc pro tunc* relief is "a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." *Id*. It may be granted where an appellant shows "fraud or a breakdown in the court's operations." *Id*. A breakdown in the court's operations occurs where the court or one of its officers or staff is "negligent, acts improperly or unintentionally misleads a party." *Id*. An appeal *nunc pro tunc* may also be granted if the appellant shows that the delay in filing the appeal was not due to his own negligence. *See Borough of Duncansville v. Beard*, 919 A.2d 327, 330 (Pa. Cmwlth. 2007). Specifically, "[t]he exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that [he] attempted to file an appeal, but unforeseeable and unavoidable events precluded [him] from actually doing so." *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2011). An appellant seeking to appeal *nunc pro tunc* also has the burden of

receptacles required). *See* Trial Court Summary Appeal Docket Nos. CP-02-SA-0001151-2024, CP-02-SA-0001152-2024, and CP-02-SA-0001151-2024.

[2] On October 23, 2024, Appellant timely appealed the orders denying the NPT Petitions individually to the Superior Court, which transferred the appeals to this Court. *See* Order in Superior Court Docket No. 1321 WDA 2024, dated November 1, 2024. This Court then *sua sponte* consolidated the appeals. *See* Commonwealth Court Order dated June 6, 2025.

proving that: "(1) he filed the appeal within a short time after learning of and having an opportunity to address the untimeliness; (2) the elapsed period of time is of short duration; and (3) the respondent is not prejudiced by the delay." *R.H. v. Dep't of Hum. Servs.*, 205 A.3d 410, 414 (Pa. Cmwlth. 2019). "The decision whether to permit an appeal *nunc pro tunc* is an equitable matter and this Court's scope of review is limited to a determination of whether the trial court has abused its discretion or committed an error of law." *Dep't of Transp., Bureau of Traffic Safety v. Rick*, 462 A.2d 902, 903 (Pa. Cmwlth. 1983).

Here, the Summary Convictions were entered on February 21, 2023, and July 20, 2023. Appellant did not file the NPT Petitions until September 4, 2024. The NPT Petitions provide no reason why the appeals were not timely filed. *See* NPT Petitions, Original Record (O.R.) at 14-16.[3] Instead, the NPT Petitions simply state: "I told the Judge that every house in the city has code violations. I should not be fined." *Id.* At the hearing, to explain why he did not timely file appeals of the Summary Convictions, Appellant stated only that he received "too many, so many" notices in reference to his properties. *See* Hearing Transcript, October 8, 2024 (Transcript), at 10; *see also* Trial Court Opinion filed December 30, 2024 (Trial Court Opinion) at 2. The Trial Court found this reason insufficient to allow it to afford Appellant *nunc pro tunc* relief and denied the NPT Petitions.[4] *See* Transcript at 15; Trial Court Opinion at 2.

---

[3] The Court employs the electronic pagination of the scanned Original Record.

[4] The Trial Court further noted that Appellant's Statement of Errors Complained of On Appeal filed on November 18, 2024, does not address either Appellant's reasons for failing to timely appeal the Summary Convictions or why he waited over a year to file for *nunc pro tunc* relief. *See* Trial Court Opinion at 2.

We find no abuse of discretion or legal error in the Trial Court's determination. The NPT Petitions offer no justification for Appellant's late filing of his appeals from the Summary Convictions.[5] The only explanation Appellant offered at the hearing was that he received multiple notices regarding his properties. This explanation does not provide an adequate excuse for his failure to timely file his appeals of the Summary Convictions by illustrating fraud or a breakdown in the court's operations or non-negligent actions on Appellant's part. Appellant's explanation instead illustrates his own negligence in failing to read and understand notifications he received, which does not support *nunc pro tunc* relief. *See DiBello v. Unemployment Comp. Bd. of Rev.*, 197 A.3d 819, 822 (Pa. Cmwlth. 2018) (holding that a claimant was not entitled to *nunc pro tunc* relief where her failure to file a timely appeal resulted from her own negligence of failing to carefully read a notice); *see also Savage v. Unemployment Comp. Bd. of Rev.*, 491 A.2d 947, 949-50 (Pa. Cmwlth. 1985) (noting that failure to understand a notice represents negligence on the part of claimant who received notification).

---

[5] To the extent Appellant contends in his Concise Statement of the Errors Complained of On Appeal (Concise Statement) that he filed his appeals from the Summary Convictions late because he did not receive the judgments on time, the Concise Statement offers no specifics about when he received the judgments or how they were late. *See* O.R. at 31. Further, Appellant offers no argument in support of this claim in either his principal brief or his reply brief to this Court. *See* Appellant's Br. & Appellant's Reply Br. Accordingly, Appellant has waived this claim. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); *Berner v. Montour Township*, 120 A.3d 433, 437 n.6 (Pa. Cmwlth. 2015) (ruling that a party's failure to sufficiently develop an issue in a brief constitutes waiver of the issue); *see also* Pa.R.A.P. 2119(a).

For these reasons, we affirm the Trial Court Order.[6]

---

[6] Because we determine that the Trial Court did not err in denying the NPT Petitions, we need not examine the claims of substantive Trial Court error raised in Appellant's untimely appeals of the Summary Convictions.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania : CASES CONSOLIDATED
:
v. :
: Nos. 1531 C.D. 2024
Bin Guo, : 1780 - 1781 C.D. 2024
Appellant :


**PER CURIAM**                  **O R D E R**


AND NOW, this 16th day of March, 2026, the December 30, 2024 order of the Court of Common Pleas of Allegheny County is AFFIRMED.